IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-10153
Summary Calendar
_____

MARILYN SCOTT,

Plaintiff-Appellant,

versus

ADULT PROTECTIVE SERVICES; BARRY L. MACHA, District
Attorney; MONTEREY CARE CENTER; SUSAN CRUME, Administrator;
MACK PAINTER, Social Worker; RAYMOND PERRY, Police Officer;
JAMES HODGES, Police Officer; DENVER MANOR; BARBARA LANE,
Administrator; KIM DESHAE, Director of Nursing; REBECCA
RUDDY; DEBBIE BEVINS; JANNA PERRY,

Defendants-Appellees.

--------------------
Appeal from the United States District Court
for the Northern District of Texas
USDC No. 7:01-CV-96
--------------------
October 21, 2002

Before DAVIS, WIENER, and EMILIO M. GARZA, Circuit Judges.

PER CURIAM:[*]

Marilyn Scott appeals the district court's dismissal of her

42 U.S.C. § 1983 civil rights suit for failure to state a claim

upon which relief can be granted and for lack of subject matter

jurisdiction pursuant to FED. R. CIV. P. 12(b)(1), (b)(6).  Scott

argues that the district court erred in dismissing her claims

_____

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

because the defendants conspired to violate her Fourteenth Amendment right to equal protection under the law and her Fifth Amendment rights to due process and the guarantee of personal liberty. We have reviewed de novo the district court's judgment, the record, and the briefs and find no error in the district court's judgment dismissing Scott's claims against the defendants on these grounds.

To the extent that Scott challenges the district court's other bases for dismissal, she fails to provide any cogent factual or legal argument concerning whether the district court erred in determining that her claims were barred by Eleventh Amendment immunity, absolute immunity for witnesses, and prosecutorial immunity. Similarly, Scott failed to identify any error in the district court's order denying her motions for default judgment and to strike the state court motion in limine. Although pro se briefs are afforded liberal construction, even pro se litigants must brief arguments in order to preserve them. See Yohey v. Collins, 985 F.2d 222, 224-25 (5th Cir. 1993). When an appellant fails to identify any error in the district court's analysis, it is the same as if the appellant had not appealed that judgment. See Brinkmann v. Dallas County Deputy Sheriff Abner, 813 F.2d 744, 748 (5th Cir. 1987). Accordingly, the district court's judgment is AFFIRMED.

In their briefs, Monterey Care Center, Susan Crume, Mack Painter, Janna Perry, Denver Manor Nursing Home, Barbara Lane,

and Kim Deshae request that attorneys' fees and costs be awarded to them.  To the extent that these defendants seek attorneys' fees and costs as a measure of damages because Scott's appeal is frivolous, such a request must be made by a separately filed motion.  See FED. R. APP. P. 38.  As the requests for costs and fees are not properly made, the requests are DENIED.

JUDGMENT AFFIRMED.